UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LANCE ADAM GOLDMAN, #542675,

        Plaintiff,

v.

        CASE NO. 2:19-CV-13047
        HONORABLE PAUL D. BORMAN

T. WINN, et al.,

        Defendants.
_____/

## OPINION AND ORDER DENYING PLAINTIFF'S APPLICATION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE, DISMISSING WITHOUT PREJUDICE HIS CIVIL RIGHTS COMPLAINT, AND DENYING HIS MOTION TO EXPEDITE

Michigan prisoner Lance Adam Goldman ("Plaintiff"), currently confined at the Saginaw Correctional Facility in Freeland, Michigan, has filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 (entitled an "Emergency Complaint for Injunctive Relief"), as well as an application to proceed without prepayment of the filing fee for this action and a motion to expedite review of his case. In his complaint, Plaintiff alleges that his food trays contain a chemical spray that is transferring to his food and making him sick and that he has not been seen by medical staff for his symptoms of fever, shakes, sweats, migraines, mouth sores, sour mouth, irritated throat, stomach pain, and diarrhea. He names Warden T. Winn, Food Service Director Crawford, Resident

Unit Manager Zummer, Corrections Officers Luna and Trombley, and Nurses Curtina Jones and Carla Gross as the defendants in this action. He seeks injunctive relief, fees, and costs.

Under the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), a prisoner may be precluded from proceeding without prepayment of the filing fee in a civil action under certain circumstances. The statute states, in relevant part:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). In short, the "three strikes" provision requires a federal court to dismiss a civil case where the prisoner seeks to proceed without prepayment of the filing fee if, on three or more previous occasions, a federal court has dismissed the prisoner's action because it was frivolous or malicious or failed to state a claim upon which relief may be granted. *Id.*; *see also Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)").

Plaintiff is a prolific litigator in federal court. The Court's records reveal that he has filed at least three prior civil actions which have been dismissed as frivolous or for failure to state a claim upon which relief may be granted. *See Goldman v. Bridenstein*, No. 2:18-CV-143, 2018 WL 5773187, *1 (W.D. Mich. Nov. 2, 2018) (frivolous); *Goldman v. Michigan*, No. 2:18-CV-11666, 2018 WL 3436777, *1 (E.D. Mich. July 17, 2018) (failure to state a claim), *recon. den*. 2019 WL 462508 (E.D. Mich. Feb. 6, 2019); *Goldman v. Michigan*, No. 1:17-CV-774, 2017 WL 4173509, *4 (W.D. Mich. Sept. 21, 2017) (failure to state a claim); *Goldman v. Consumers Credit Union*, No. 1:16-CV-1372, 2017 WL 1404862, *1 (W.D. Mich. Apr. 20, 2017) (failure to state a claim); *Goldman v. N.C. Prisoner Legal Svs.*, No. 5:13-ct-03158-F, 2014 U.S. Dist. LEXIS 200883 (E.D.N.C. Oct. 9, 2014) (frivolous); *Goldman v. Johnson, et al.*, No. 5:11-CT-3031-D, 2011 U.S. Dist. LEXIS 156667 (E.D.N.C. Sept. 16, 2011) (frivolous). Plaintiff has also previously been notified of his three-strike status and been denied leave to proceed without prepaying the filing fee in at least one other case. *See, e.g., Goldman v. Michigan Dept. of Corr.,* No. 2:19-CV-11597, 2019 WL 2866502 (E.D. Mich. July 3, 2019) (denying Plaintiff leave to proceed in forma pauperis and dismissing complaint based upon three prior strikes).

Consequently, Plaintiff is a "three-striker" who cannot proceed without prepayment of the filing fee unless he shows that he is "under imminent danger of

serious physical injury." 28 U.S.C. § 1915(g). Plaintiff acknowledges that he is a three-striker, but alleges that he is under imminent danger of being poisoned, getting cancer, and becoming seriously ill. To fall within the exception to the three strikes rule, a prisoner must allege that the threat or prison condition is "real and proximate" and the danger of serious physical injury must exist at the time the complaint is filed. *See Rittner v. Kinder*, 290 F. App'x 796, 797–98 (6th Cir. 2008) (citing *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 313 (3d Cir. 2001) (en banc)). An assertion of past danger is insufficient to invoke the exception, *id.*, as is an assertion of the potential for future harm. *See Vandiver v. Vasbinder*, 416 F. App'x 560, 562 (6th Cir. 2011) ("[T]he plain language of § 1915(g) requires the imminent danger to be contemporaneous with the complaint's filing."). Finally, as the Sixth Circuit recently clarified, the type of physical injury alleged must "have potentially dangerous consequences such as death or severe bodily harm" to qualify as "serious" for purposes of § 1915(g). *Gresham v. Meden*, 938 F.3d 847, 850 (6th Cir. 2019).

Plaintiff fails to show that he is under imminent danger of serious physical injury. His complaints of mouth and throat irritation, fever and chills, headaches, stomach pain, and diarrhea, while unpleasant, are not sufficiently serious to justify an exception to the three strikes rule. Such episodic physical discomfort is not life-threatening nor does it constitute severe bodily harm as envisioned by the Sixth Circuit in *Gresham*. *Id.* (finding

4

that alleged injuries of chest pain, restlessness, seizures, vomiting, stomach cramps, and dizziness arising from supervised medications were insufficient to meet the exception). Moreover, Plaintiff's concerns about potential future harm, such as cancer or other serious illness, are speculative at best and insufficient to satisfy the exception to the three strikes rule. Plaintiff fails to establish that he should be allowed to proceed without prepayment of the filing fee despite the fact that he has had three or more prior lawsuits dismissed as frivolous or for failure to state a claim upon which relief may be granted.

Accordingly, the Court DENIES Plaintiff's application for leave to proceed without prepayment of the filing fee for this action and DISMISSES his civil rights complaint pursuant to 28 U.S.C. § 1915(g). This dismissal is without prejudice to the filing of a new civil rights complaint accompanied by the full payment of the $350.00 filing fee and the $50.00 administrative fee. Any such complaint will be reviewed to determine whether it should be served upon the defendants or summarily dismissed, in whole or in part, under 28 U.S.C. § 1915A(b), which requires a federal court to dismiss a complaint brought against governmental entities, officers, and employees if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." Given this decision, the Court also DENIES Plaintiff's motion to expedite as moot.

Lastly, the Court concludes that it has properly applied the "three strikes" provision of 28 U.S.C. § 1915(g) such that an appeal from this order cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

IT IS SO ORDERED.

Dated: October 30, 2019                    s/Paul D. Borman
                                           Paul D. Borman
                                           United States District Judge